## Bosacco Appeal

*Edward Kassab*, for appellants.

*Charles C. Keller*, for appellees.

GORBEY, J., August 16, 1968.—This matter comes before the court on appeal from the refusal of the Board of Adjustment of the Borough of Glenolden to direct the building inspector to grant to appellants a building permit to convert a structure maintained on their premises as a garage to additional living quarters for the use of their immediate family. . . .

The issue before this court is whether the construction of living quarters over appellants' garage constitutes a use customarily incidental to the use of the main building on the premises for residential purposes. Neither party cites any cases construing the term "customarily incidental" and both rather candidly admit that they know of no such cases. Appellee, however, argues that the phrase "customarily incidental" is synonymous with the phrase "accessory uses" as set forth in the zoning code. Since there are only four types of accessory uses permitted in the zoning code and, further, since appellants' use does not come under one of those uses, appellees argue that the zoning board properly refused said use.

Appellants, on the other hand, argued that a distinction exists between the use of the term "accessory use" and the use of the term "customarily incidental". With this we agree. Section 301 of the zoning ordinance, in subsection 5, uses the disjunctive in referring to the terms "uses accessory" and "customarily incidental". This is an indication that the draftsman

of the ordinance distinguished the two terms. Further, the phrase "accessory use" itself connotes a use which is different from the principal use, and, in the case of certain accessory uses in residence districts, this is generally the case. For example, the use of a part of a residence for the practice of a profession is certainly a different use from that of maintaining a place of abode. However, other uses incidental to the primary use are not different uses but an integral part of the same use. By way of further example, the maintenance of a private garage, the existence of a swimming pool, and other similar uses additional to maintaining a place in which to live, eat and sleep, are customarily incidental uses which our courts recognize.

The significance of the distinction lies in the extent to which a particular accessory use has been restricted or curtailed by the zoning ordinance. A reference to the Zoning Ordinance of Glenolden Borough makes that distinction readily apparent through the definitions applied to accessory use as found in article 3, sec. 301, subsec. 5, a, b, c, and d. On the other hand, the proposed use is an integral part of the maintenance of a residence. As there is nothing to indicate that it constitutes a nuisance, or it is in any way inappropriate in a residential district, we are of the opinion that there is no reason for denying it. We, therefore, make the following:

ORDER

And now, August 16, 1968, it is ordered, adjudged and decreed as follows:

1. The decision of the Board of Adjustment of the Borough of Glenolden in this matter is reversed.

2. The Building Inspector of the Borough of Glenolden is ordered forthwith to issue a building permit for the conversion sought by appellants.

3. Each party is to bear his own costs.